UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EAGLE EXPRESS LINES, INC., and GLENN A. JONES, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:18-CV-01152-AGF |
| v. | ) ) ) | |
| ZARQA NYAZEE and SHAMAAS NYAZEE, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to dismiss Count I of Plaintiffs' complaint for failure to state a claim, pursuant to Rule 12(b)(6). ECF No. 6. For the reasons set forth below, the motion will be granted.

### BACKGROUND

This diversity action stems from a roadway fatality involving a tractor-trailer operated by Eagle Express Lines and driven by Glenn Jones (Plaintiffs) and a rental car hired by Zarqa Nyazee (Mother) and driven by her son Shamaas Nyazee (Son, and together Defendants).

In June 2016, Mother rented a Toyota Camry from an Enterprise rental agency in St. Louis, Missouri. The following month, Son drove the car to Long Island, New York, for a wedding. After the wedding, around 2 a.m., Son and two friends, Daoud Khan and Osman Bakali, began the return trip, intending to drop off Bakali in Cincinnati. At

approximately 9 a.m., Bakali was driving west on Interstate 70 in Pennsylvania when he decided to pull over onto the shoulder out of concern that he might have hit something. He exited the vehicle to check for damage, then returned to the driver's side door, partially in the right lane of oncoming traffic. At that very moment, Plaintiffs' truck passed and could not avoid Bakali, who was struck and killed.

Bakali's estate sued Plaintiffs in a New Jersey state court, and the case was subsequently removed to federal court in Pennsylvania. Plaintiffs sought leave to file a third-party complaint against Defendants in that action for contribution and indemnification on theories of negligence and negligent entrustment. The district court denied Plaintiffs' motion, reasoning that Plaintiffs' negligence claims against Defendants lacked merit under Pennsylvania law. *Bakali v. Jones*, CV 17-1162, 2018 WL 3054748, at *1 (W.D. Pa. June 20, 2018), reconsideration denied, CV 17-1162, 2018 WL 3375164 (W.D. Pa. July 11, 2018).[1] Plaintiffs later settled with Bakali's estate, and that case is closed.

In the interim, Plaintiffs filed the present action against Defendants in this Court, again seeking contribution and indemnification on theories of negligence and negligent entrustment, this time under Missouri law. As relevant to the present motion, in Count I of their complaint, Plaintiffs assert that Mother was negligent in entrusting the rental car to Son and his friends in that: (1) they were not authorized drivers under Mother's rental agreement with Enterprise, (2) they could not be authorized drivers under a car rental agreement due to age and inexperience, and (3) their sleepless road trip was dangerous.

---

[1] The Court takes judicial notice of *Bakali* pursuant to Fed. R. Evid. 201.

Defendants seek dismissal of this count for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6).

## DISCUSSION

**Rule 12(b)(6) Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Elements of Negligent Entrustment**

"Missouri law defines the tort of negligent entrustment with reference to section 390 of the Restatement (Second) of Torts." *Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 324 (Mo. 2016). That section states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

3

*Id*. at 325. Missouri courts have enumerated the requisite elements as follows:

> (1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there was entrustment of the chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the plaintiff's injuries.

*Evans v. Allen Auto Rental & Truck Leasing Co.*, 555 S.W.2d 325, 326 (Mo. 1977); *Hays v. Royer*, 384 S.W.3d 330, 333 (Mo. App. W.D. 2012); *Hallquist v. Smith*, 189 S.W.3d 173, 175–76 (Mo. App. E.D. 2006); *Hejnal v. U.S. Xpress, Inc.*, 4:17-CV-2557 CAS, 2018 WL 534376, at *6 (E.D. Mo. Jan. 24, 2018); *Vasquez v. Hill*, 4:11-CV-01561-AGF, 2012 WL 6568474, at *5 n. 4 (E.D. Mo. Dec. 17, 2012); *Timmons v. L.E.P.*, 1:16-CV-31-ACL, 2017 WL 2501593 (E.D. Mo. June 9, 2017), reconsideration denied, 1:16-CV-31-ACL, 2017 WL 3503516 (E.D. Mo. Aug. 16, 2017.

In *Hejnal*, this Court found pleadings sufficient to survive a Rule 12(c) motion[2] where the plaintiff alleged that a commercial driver "had a history of serious traffic convictions and federal motor carrier safety regulation violations" and lacked the specialized training and experience to operate a tractor-trailer. 2018 WL 534376 at *6-7. By contrast, in *Timmons*, on summary judgment, this Court found that a father had no reason to know that his teenage daughter was incompetent to drive, where she had a learner's permit, had driven the car before, and was otherwise responsible. "The mere fact that [the teen] did not have a driver's license does not establish that she was

---

[2] The same standards govern Rule 12(b)(6) and Rule 12(c). *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017).

4

incompetent to drive with her father in the car when it is undisputed that [she] obtained a learner's permit four months prior to the accident." 2017 WL 2501593, at *4. Further, "there must be evidence that the entrustor knew of the entrustee's habitual negligence." *Id*.

**Analysis**

In support of their motion to dismiss, Defendants assert that Plaintiffs have failed to allege facts supporting elements 1, 2, and 4 of a *prima facie* case of negligent entrustment under Missouri law, specifically that: (1) Son and/or his friends were incompetent, (2) Mother knew or had reason to know of their incompetence, and (4) Mother's entrustment was the proximate cause of Bakali's death.

<u>Authority of *Bakali*</u>

As a preliminary matter, the Court must acknowledge that, by rejecting Plaintiffs' third-party complaint against Defendants in the underlying wrongful death suit, another district court has already concluded that Plaintiffs' claim of negligent entrustment is "obviously unmeritorious" as a matter of law. *Bakali*, 2018 WL 3054748 at *4. Though applying Pennsylvania tort law, that court specifically found the same allegations Plaintiffs assert here insufficient to establish the same elements required to prove a Missouri claim. The court reasoned:

> [T]he three men did not decide to travel back together until after the wedding and [Mother] did not learn of this decision until after the incident occurred. Moreover, … even if [Mother] had been aware of the travel plans, the fact that there were three drivers means that they could have taken turns sleeping and driving and thus the entrustment of the vehicle to three individuals for the length and time of travel would not have been unreasonable. Furthermore, the fact that the three individuals were not

5

> named as permitted drivers under the rental agreement does not indicate that they were incompetent as drivers. Finally, … no one (including Bakali) was actually operating the vehicle at the time of the accident. Therefore, there is no allegation that would support a causal connection between [Mother's] alleged negligent entrustment of the vehicle and the injury that occurred when Bakali was struck and killed. Therefore, Count III of the proposed Third Party Complaint states a claim that is "obviously unmeritorious."

*Bakali*, 2018 WL 3375164 at *3-4.

Plaintiffs urge this Court to disregard *Bakali* entirely because it involved Rule 14 and not Rule 12(b)(6) and, moreover, *Bakali* was interlocutory and thus not the law of the case. *Fenner v. Wyeth*, 912 F. Supp. 2d 795, 799 (E.D. Mo. 2012) (law-of-the-case doctrine not applicable to interlocutory orders). Defendants concede that *Bakali* is not controlling but contend that it is nonetheless persuasive on the elements in question. After independent examination of the parties' arguments, ultimately this Court arrives at conclusions similar to those reached in *Bakali*.

<u>Drivers' Incompetence (Element 1)</u>

Plaintiffs' complaint does not contain the word "incompetence" but attempts to invite the inference based on the drivers' age,[3] inexperience, and unfitness due to sleep deprivation. Defendants observe that the drivers' youth and resultant inability to rent a car in their own names does not alone establish incompetence. In addition to *Bakali*, Defendants cite other federal precedent rejecting, on summary judgment, claims of negligent entrustment by car rental agencies based solely on the drivers' age. *Amparan v. Demir*, 234 F. Supp. 3d 1110, 1121 (D.N.M. 2017), aff'd sub nom. *Amparan v. Lake*

---

[3] Plaintiffs' complaint does not specify Son's or Bakali's age but states in paragraphs 6 and 7 that Son is an "adult individual."

*Powell Car Rental Companies*, 882 F.3d 943 (10th Cir. 2018); *Drummond v. Walker*, 643 F. Supp. 190, 192 (D.D.C. 1986), aff'd, 861 F.2d 303 (D.C. Cir. 1988). The Court agrees with Defendants that, under Missouri law, youth and inexperience alone do not constitute incompetence. *Timmons*, 2017 WL 2501593 at *4.

In response, Plaintiffs offer new allegations, not contained in the complaint, that Son had been in a collision the week before the wedding and was uninsurable on the family's policy. Defendants object to these new allegations as beyond the pleadings. "In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Plaintiffs' latest assertions do not fall within these parameters, and a plaintiff may not add new factual allegations in an opposition brief. *K. T. v. Culver-Stockton College*, 4:16-CV-165 CAS, 2016 WL 4243965, at *5 (E.D. Mo. Aug. 11, 2016), aff'd, 865 F.3d 1054 (8th Cir. 2017).[4]

What remains, then, is Plaintiffs' assertion that the drivers were unfit due to sleep deprivation. Plaintiffs fail to supply authority for the premise that drowsiness is

---

[4] The Court fails to understand the untimeliness of these new factual allegations. The accident occurred in July 2016. The underlying wrongful death case was commenced in March 2017. The record before the Pennsylvania district court as at June 2018 (one month before Plaintiffs filed the present action) included an affidavit by Son stating that he hadn't planned to transport his friends home after the wedding, and Mother didn't know of their carpool until after the accident. There is no mention of Son's driving history or uninsurability in either *Bakali* memorandum.

Moreover, even were the Court to consider these additional assertions, they relate only to the incompetence of Son and not Bakali, who was driving at the time of the accident. Thus, Plaintiffs complaint would still fail as to Mother's knowledge of Bakali's incompetence and any causation between Son's incompetence and Bakali's death.

7

tantamount to incompetence in an entrustment context. Mindful of the potentially infinite application of this theory in this particular context, the Court deems it insufficient, without more, to support Plaintiffs' claim as to the first element. Absent adequate factual allegations of Bakali's incompetence, it necessarily follows that the dependent element of Mother's knowledge thereof (element 2) must also fail. "Failure to plead incompetence precludes an action for negligent entrustment." *Wise v. Crump*, 978 S.W.2d 1, 3 (Mo. App. E.D. 1998). Consequently, Plaintiffs' complaint fails to state a claim on which relief can be granted. The Court need not examine whether Plaintiffs' pleadings are adequate as to causation (element 4).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Count I is **GRANTED**. ECF No. 6.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2018.